

ORIGINAL

FILED
HARRISBURG, PA

MAY 14 2002

MARY E. D'ANDREA, CLER
Per_____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM E. BENNER, III, | : |
| Plaintiff, | : CIVIL ACTION - LAW |
| v. | : No.: 1:CV-01-0909 |
| BRIDGESTONE/FIRESTONE, INC., | : Honorable Judge Kane |
| | : JURY TRIAL DEMANDED |
| Defendant. | : |

## DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, BFS Retail & Commercial Operations, LLC, formerly known as Bridgestone/Firestone, Inc., ("Defendant"), by and through the undersigned counsel, answers the Amended Complaint of Plaintiff, William E. Benner, III ("Plaintiff"), as follows:

### JURISDICTION

1. Admitted

## PARTIES

2. Admitted in Part. Denied in part. Defendant admits that Plaintiff is an adult individual who was a member of the Pennsylvania Air National Guard. Further answering, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph two of the Amended Complaint and, accordingly, denies these allegations and demands strict proof thereof at trial.

3. Admitted in part. Denied in part. Defendant admits that it is a corporation with a business unit engaged in the sale of tires and automotive services. Defendant also admits that it is authorized to conduct business in the Commonwealth of Pennsylvania. Defendant denies that it has offices at 2550 West Golf Road, Rolling Meadows, Illinois 60008 and affirmatively states that its corporate headquarters is now located at 333 East Lake Street, Bloomingdale, Illinois 60108. Further answering, Defendant denies the remaining allegations in paragraph three of the complaint.

## FACTS

4. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph four of the Amended Complaint and, accordingly, denies these allegations and demands strict proof thereof at trial.

5. Admitted.

6. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph six of the Amended Complaint and, accordingly, denies these allegations and demands strict proof thereof at trial.

7. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph seven of the Amended Complaint and, accordingly, denies these allegations and demands strict proof thereof at trial.

8. Admitted.

9. Denied. Defendant denies the allegations in paragraph nine of the Amended Complaint.

10. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding

"deployment" on a "Bright Star exercise" and, accordingly, denies these allegations and demands strict proof thereof at trial. Further answering, Defendant denies the remaining allegations in paragraph ten of the Amended Complaint.

11. Denied. Defendant denies the allegations in paragraph 11 of the Amended Complaint.

12. Admitted in part. Denied in part. Defendant admits that management personnel informed Plaintiff that he needed to provide as much advance notice as possible before taking a military leave of absence so that work schedules of other employees could be adjusted accordingly. Further answering, Defendant denies any implication that it restricted Plaintiff from fulfilling his military obligations with the Pennsylvania Air National Guard.

13. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Amended Complaint and, accordingly, denies these allegations and demands strict proof thereof at trial.

14. Admitted in part. Denied in part. Defendant admits that in or about September 1997, Plaintiff raised issues with Defendant's

4

management and human resources personnel regarding compliance with the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. § 4301 *et seq.* ("USERRA"). Further answering, Defendant denies any intimation that Plaintiff raised such issues in or about 1993.

    15. Denied. Defendant denies the allegations in paragraph 15 of the Amended Complaint.

    16. Denied. Defendant denies the allegations in paragraph 16 of the Amended Complaint.

    17. Denied. Defendant denies the allegations in paragraph 17 of the Amended Complaint.

    18. Admitted in part. Denied in part. Defendant admits that near the end of each month, all stores are called upon to meet or exceed their tire sales goals. Defendant also admits that that the Paxton Street store in Harrisburg sometimes met or exceeded its monthly tire sales goals. Further answering, Defendant denies any intimation that Plaintiff was held to higher or more demanding tire sales goals than tire sales managers at other stores.

    19. Admitted.

20. Denied. Defendant denies the allegations in paragraph 20 of the Amended Complaint.

21. Denied. Defendant denies the allegations in paragraph 21 of the Amended Complaint.

22. Admitted in part. Denied in part. Defendant admits that Plaintiff submitted paperwork regarding his tire sales in the month of July 1994. Defendant also admits that Plaintiff's request for a bonus payment initially was denied because of Plaintiff's absence from the Paxton Street store during part of that month. Defendant affirmatively states, however, that Plaintiff later received his complete bonus for the month of July 1994. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22 of the Amended Complaint and, accordingly, denies these allegations and demands strict proof thereof at trial.

23. Denied. Defendant denies the allegations in paragraph 23 of the Amended Complaint.

24. Denied. Defendant denies the allegations in paragraph 24 of the Amended Complaint.

25.   Denied.  Defendant denies the allegations in paragraph 25 of the Amended Complaint.

26.   Denied.  Defendant denies the allegations in paragraph 26 of the Amended Complaint.

27.   Denied.  Defendant denies the allegations in paragraph 27 of the Amended Complaint.

28.   Denied.  Defendant denies the allegations in paragraph 28 of the Amended Complaint.

29.   Denied. denies the allegations in paragraph 29 of the Amended Complaint.

30.   Denied.  Defendant denies the allegations in paragraph 30 of the Amended Complaint.

31.   Denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Amended Complaint and, accordingly, denies these allegations and demands strict proof thereof at trial.

32.   Admitted in part.  Denied in part.  Defendant admits that Plaintiff informed Defendant of his intention to participate in a military exercise.   Further answering, Defendant is without knowledge or

7

information sufficient to form a belief as to the truth of the remaining allegations in paragraph 32 of the Amended Complaint and, accordingly, denies these allegations and demands strict proof thereof at trial.

33.  Denied.  Defendant denies the allegations in paragraph 33 of the Amended Complaint.

34.  Admitted in part.  Denied in part.  Defendant admits that Plaintiff was informed that if he departed on this military exercise, his position would have to be filled because of the staffing needs of the Paxton Street store.  Further answering, Defendant denies the remaining allegations in paragraph 34 of the Amended Complaint and affirmatively states that Plaintiff's having volunteered for this military exercise only a matter of a few weeks after having served a two-week tour of active duty prompted Defendant to take this position.

35.  Admitted in part.  Denied in part.  Defendant admits that Plaintiff did not take a military leave at that time.  Further answering, Defendant denies that any of its actions were "illegal and improper." With respect to the remaining allegations in paragraph 35 of the Amended Complaint, Defendant is without knowledge or information

8

sufficient to form a belief as to the truth of these allegations and, accordingly, denies them and demands strict proof thereof at trial.

36. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Amended Complaint and, accordingly, denies these allegations and demands strict proof thereof at trial.

37. Denied. Defendant denies the allegations in paragraph 37 of the Amended Complaint.

38. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Amended Complaint and, accordingly, denies these allegations and demands strict proof thereof at trial.

39. Admitted in part. Denied in part. Defendant admits that Kevin Hughes was promoted to the store manager position on Second Street in Harrisburg, Pennsylvania in May 1998. Further answering, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 39 of the Amended Complaint and, accordingly, denies these allegations and demands strict proof thereof at trial.

40. Denied. Defendant denies the allegations in paragraph 40 of the Amended Complaint.

41. Admitted in part. Denied in part. Defendant admits that Plaintiff resigned from his employment with Defendant in late August 1998. Further answering, Defendant denies the remaining allegations in paragraph 41 of the Amended Complaint.

42. Denied. Defendant denies the allegations in paragraph 42 of the Amended Complaint.

43. Admitted in part. Denied in part. Defendant admits that Plaintiff received some awards for services performed in connection with his employment. Further answering, Defendant denies the remaining allegations in paragraph 43 and affirmatively states that Plaintiff also was disciplined for various violations of Defendant's policies during his employment.

## UNIFORMED SERVICES EMPLOYMENT AND REEMPLOYMENT RIGHTS ACT

44. BFS realleges and readopts as its answer to paragraph 44 each and all of its answers to paragraphs one through 43 of the Amended Complaint.

45. Denied. Defendant denies the allegations in paragraph 45 of the Amended Complaint inasmuch as they are conclusions of law to which no responsive pleading is required.

46. Denied. Defendant denies the allegations in paragraph 46 of the Amended Complaint inasmuch as they are conclusions of law to which no responsive pleading is required.

47. Denied. Defendant denies the allegations in paragraph 47 of the Amended Complaint inasmuch as they are conclusions of law to which no responsive pleading is required.

48. Admitted in part. Denied in part. Defendant admits that Plaintiff was a member of the Pennsylvania Air National Guard during his employment with Defendant. Further answering, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 48 of the Amended Complaint and, accordingly, denies these allegations and demands strict proof thereof at trial.

49. Denied. Defendant denies the allegations in paragraph 49 of the Amended Complaint.

50. Admitted.

51. Denied. Defendant denies the allegations in paragraph 51 of the Amended Complaint.

52. Denied. Defendant denies the allegations in paragraph 52 of the Amended Complaint.

53. Denied. Defendant denies the allegations in paragraph 53 of the Amended Complaint.

54. Denied. Defendant denies the allegations in paragraph 54 of the Amended Complaint.

55. Denied. Defendant denies the allegations in paragraph 55 of the Amended Complaint.

56. Denied. Defendant denies the allegations in paragraph 56 of the Amended Complaint.

57. Denied. Defendant denies the allegations in paragraph 57 of the Amended Complaint.

58. Defendant asserts that all allegations not expressly admitted herein are hereby denied.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted against Defendant inasmuch as he was not constructively discharged or otherwise terminated.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's employment with Defendant was subject to an Employee Dispute Resolution Plan requiring mandatory mediation and arbitration of employment-related claims. Accordingly, his claims in this action should be stayed or dismissed pending resolution of such claims under the Dispute Resolution Plan.

## THIRD AFFIRMATIVE DEFENSE

Defendant consistently acted in good faith in all of its dealings with Plaintiff and never acted willfully, wantonly, maliciously, or with reckless indifference to Plaintiff's federally protected rights, if any.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages in this action.

WHEREFORE, Defendant requests that Plaintiff's Complaint be dismissed in its entirety, that the relief prayed for therein be denied,

and that Defendant be permitted to recover from Plaintiff all costs and attorneys' fees incurred herein.

> HOLLAND & KNIGHT LLP
>
> By: /s/ Michael J. Ranallo
> Michael J. Ranallo, Esq.
> 55 W. Monroe Street, Suite 800
> Chicago, Illinois 60603
> Telephone: 312/263-3600
> Fax: 312/578-6666
>
> Local Counsel:
>
> RHOADS & SINON LLP
> Todd J. Shill, Esq.
> One South Market Square, 12th Fl.
> Harrisburg, Pennsylvania 17108-1146
> Telephone: 717/233-5731
> Fax: 717/231-6637
>
> **ATTORNEYS FOR DEFENDANT BFS RETAIL & COMMERCIAL OPERATIONS, LLC**

# CERTIFICATE OF SERVICE

The undersigned certifies that a true copy of Defendant's Answer to Plaintiff's Amended Complaint was served this 13th day of May 2002 via Federal Express, upon:

> Michael J. O'Connor, Esq.
> Killian & Gephart
> 201 Pine Street
> P.O. Box 886
> Harrisburg, Pennsylvania 17108
>
> Attorneys for Plaintiff

CHI1 #169092 v1