FILED
HARRISBURG, PA
JUL 08 2002
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM E. BENNER, III, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION - LAW |
| | : | |
| v. | : | No.: 1:CV-01-0909 |
| | : | |
| BRIDGESTONE/FIRESTONE, INC., | : | Honorable Judge Kane |
| | : | |
| | : | JURY TRIAL DEMANDED |
| Defendant. | : | |

**MEMORANDUM IN SUPPORT OF**
**CONSENT MOTION TO STAY PROCEEDINGS**

Plaintiff, William Benner, III ("Plaintiff"), and Defendant, BFS Retail & Commercial Operations, LLC (formerly doing business as the retail division of Bridgestone/Firestone, Inc. and hereinafter referred to as "Defendant"), through their undersigned counsel, submit this Memorandum in Support of their Consent Motion to Stay Proceedings.

Plaintiff was an employee of Defendant. As a former employee, Plaintiff agreed that he would pursue the claims he is asserting in this lawsuit in accordance with the Bridgestone/Firestone, Inc. Employee Dispute Resolution Plan ("EDR Plan"). Under the EDR Plan, employment-related disputes like the one at issue in this case must be resolved through binding arbitration. Indeed, the EDR Plan, by its own terms, is Plaintiff's exclusive remedy:

> . . . Proceeding under the Plan shall be the exclusive, final and binding method by which disputes are resolved. Consequently, the institution of a proceeding under this Plan shall be a condition precedent to the initiation of any legal action (including action before an administrative tribunal with adjudicatory powers) by an Employee against the Company and any such legal action shall be limited to those actions available under the [Federal Arbitration Act]. Except as otherwise provided herein, the Parties shall have no right to litigate a dispute in any other forum.

(EDR Plan, p. 2, § 3).

Section 3 of the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* (the "Act") provides that the Court should stay these proceedings "upon being satisfied that the issue involved in such suit . . . is referable to arbitration.. . ." As noted above, there is no dispute that the issues in this case are "referable to arbitration" under the Company's EDR Plan. Section 3 of the Act also states that a stay is in order ". . . providing [that] the applicant for the stay is not in default in proceeding with such

2

arbitration." Plaintiff and Defendant represent to the Court that neither party is "in default in proceeding with . . . arbitration" under the EDR Plan. Accordingly, a stay of these proceedings is clearly warranted.

For each and all of the reasons set forth above, Plaintiff and Defendant respectfully request that this Court issue an order staying this lawsuit pending resolution of this matter pursuant to the EDR Plan. Alternatively, the Court may wish to strike this case from its docket pending reactivation in the event that Plaintiff or Defendant moves to compel, enforce, vacate, or confirm proceedings, awards, or orders of an arbitrator or a settlement of this matter under the EDR Plan.

>                   Respectfully submitted,
>
>                   HOLLAND & KNIGHT LLP
>
>                   By: /s/ Michael J. Ranallo
>                   Michael J. Ranallo, Esq.
>                   55 W. Monroe Street, Suite 800
>                   Chicago, Illinois 60603
>                   Telephone: 312/263-3600
>                   Fax: 312/578-6666

Local Counsel:

RHOADS & SINON LLP

By: _____
Todd J. Shill, Esq.
One South Market Square,
12th Fl.
Harrisburg, Pennsylvania
17108-1146
Telephone: 717/233-5731
Fax: 717/231-6637

**ATTORNEYS FOR DEFENDANT, BFS RETAIL & COMMERCIAL OPERATIONS, LLC**

Respectfully submitted,

*[signature]*

Michael J. O'Connor, Esquire
**Killian & Gephart**
218 Pine Street
P. O. Box 886
Harrisburg, PA 17108
(717) 232-1851
Attorney I. D. #76127

Attorneys for Plaintiff

Dated: July 8, 2002